UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sylvia Ingram,               ) | |
| ) | C/A No. 3:07-cv-823 |
| Plaintiff,        ) | |
| ) | |
| vs.                              ) | **ORDER** |
| ) | Written Opinion |
| Michael J. Astrue,       ) | |
| Commissioner of Social Security,  ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and issued on July 15, 2008. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner. The Commissioner denied Plaintiff's claims for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The magistrate recommends affirming the decision of the Commissioner.

BACKGROUND

Plaintiff filed an application for SSI benefits on July 10, 2002. The Commissioner denied Plaintiff's application originally and on reconsideration. Plaintiff requested a hearing, and following the hearing, on August 23, 2005, the administrative law judge determined in a written opinion that Plaintiff was not disabled. On February 7, 2007, the Appeals Council denied Plaintiff's request for review,

rendering the ALJ's opinion the final decision of the Commissioner. Plaintiff filed this civil action for judicial review on March 26, 2007.

## STANDARD OF REVIEW

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Plaintiff filed objections to the magistrate's Report and Recommendation on July 28, 2008. The Commissioner filed a response to Plaintiff's Objections on August 4, 2008.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitute the court's findings for those of

the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

Plaintiff objects to the magistrate's finding that the ALJ properly considered the combined effect of her impairments. The plaintiff maintains that the ALJ made a "conclusory finding that Ms. Ingram does not have a combination of impairments that meet or medically equal one of the listed impairments and suggests that the ALJ's combined effect analysis can be implied by his hypothetical to the [Vocational

Expert]." (Plaintiff's Objections 2.) Plaintiff offers two reasons in support of her objection.

First, Plaintiff argues that she meets the requirements of Listings 12.04, 12.06, and 12.09 and that, without an analytic explanation, it is not enough for the ALJ to conclude that the combination of Plaintiff's impairments does not meet or medically equal one of these impairments. Second, Plaintiff argues that the magistrate improperly concluded that the ALJ's hypothetical to the Vocational Expert ("VE") indicated that a proper combined effect analysis was performed. (Pl's Objs. 3.)

As one judge in this district recently noted, "[w]hen dealing with a claimant with more than one impairment, the Commissioner 'must consider the combined effect of a claimant's impairments and not fragmentize them.' This requires the ALJ to 'adequately explain his or her evaluation of the combined effects of the impairments.'" *Alonzeau v. Astrue*, C/A No. 0:06-2966, 2008 WL 313786 (D.S.C. Feb. 1, 2008) (quoting *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989)). The magistrate concluded that there is substantial evidence in the record to support the ALJ's conclusion that the combined effect of Plaintiff's individual impairments does not meet or medically equal one of the listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Report and Recommendation 19.) This Court agrees.

The ALJ concluded that the plaintiff suffered from the following impairments: degenerative disc disease, a major depressive disorder, an anxiety disorder, and a substance abuse disorder. (Tr. 13.) After stating these impairments, the ALJ went

through each of Plaintiff's severe and non-severe impairments and then specifically stated that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." (Tr. 13-14.) Furthermore, as the Commissioner notes in the Response to Plaintiff's Objections, the ALJ stated many times throughout the decision that he considered "all the evidence", "all relevant evidence" and "the entire record" when evaluating Plaintiff's impairments to determine if Plaintiff met or medically equaled one of the listed impairments. (Commissioner's Response 3.) Moreover, the ALJ's separate discussion of each of Plaintiff's impairments indicates that he considered them "in combination." This Court finds that such an explanation is adequate. *Walker*, 889 F.2d at 50. Moreover, the Court finds that the ALJ's decision is consistent with the holdings in other cases dealing with this specific issue. *See Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); *Eggleston v. Bowen*, 851 F.2d 1244 (10th Cir. 1988); and *Gooch v. Sec'y of Health & Human Servs.,* 833 F.2d 589 (6th Cir. 1987).

Plaintiff next argues that the ALJ's hypothetical question to the VE did not adequately implicate that a proper combined effect analysis was performed. The Court disagrees. A hypothetical question offered to a vocational expert should only include those limitations borne out of the evidentiary record and accepted by the ALJ. *Evans v. Chater,* 55 F.3d 530, 533 (10th Cir. 1995). The ALJ has great latitude in posing hypothetical question and is free to accept or reject suggested restrictions so long as

there is substantial evidence to support the ultimate questions.  *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986).  Finally, the hypothetical question may omit non-severe impairments, but must include those that the ALJ finds to be severe*.*

The ALJ considered both Plaintiff's mental limitations, as well as physical limitations, in the hypothetical question posed to the VE. (Tr. 359.) The ALJ proposed the following hypothetical question to the VE:

> Doctor, please assume a hypothetical Claimant the same age as this Claimant with the same work history and education retaining a light exertional capacity, with no more than frequent fingering and overhead reading, no exposure to hazards, a non-production line setting, no unusual degree of stress involved in the sense of pressure to perform at a high degree of complexity or unusually high output, no exposure to crowds and no more than occasional exposure to the general public.  In your opinion, Doctor, could that person work full time at unskilled, light work, and if so, at what, please, sir?

(Tr. 359.)  The hypothetical question incorporated the only limitations supported by the record with regard to her mental impairments.

Plaintiff's argument that the ALJ omitted a limitation which Dr. Gorod included in his Residual Functional Capacity Assessment, dated April 12, 2004, does not persuade the Court to remand the case.  While Dr. Gorod stated that Plaintiff was moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, another Residual Functional Capacity Assessment completed by a different state agency psychologist, on March 22, 2005, stated that Plaintiff was not significantly limited by her ability to complete a normal workday and workweek without interruptions.  (Tr. 265.)   This created

inconsistencies in the record. Ultimately, the ALJ was not required to include limitations or restrictions in the hypothetical question that were not supported by the weight of the evidence. As such, the Court finds that Plaintiff's objection is without merit and concludes that the ALJ properly implicated the combined effect of the plaintiff's impairments in the hypothetical question to the VE.

## CONCLUSION

After a review of the magistrate's Report and Recommendation, the objections filed by Plaintiff, and the facts and record of this case, this Court finds the Report and Recommendation is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the decision of the Commissioner be AFFIRMED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August __12__, 2008